**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

PHLISIDA GIBBS, on behalf of herself
and on behalf of all others similarly situated,

      Plaintiffs,

v.                             Case No. : 17-CA-007886

CENTERPLATE, INC.,
VOLUME SERVICES, INC.,
SERVICE AMERICA CORPORATION,
          AND
CENTERPLATE HOSPITALITY VENTURE,

      Defendant.

_____/

**AMENDED CLASS ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff, PHLISIDA GIBBS, by and through her attorneys, and on behalf of herself, the

Putative Class set forth below, and in the public interest, brings the following Amended

Class Action Complaint as of right against Defendants, CENTERPLATE, INC., VOLUME

SERVICES, INC., SERVICE AMERICA CORPORATION, AND CENTERPLATE

HOSPITALITY VENTURE including, subsidiaries, divisions and affiliates ("Defendants or

Centerplate"), under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. §

1681 et seq.

**PRELIMINARY STATEMENT**

1.       Defendants are food and beverage companies serving entertainment venues in

the US and UK.

2.       Defendants routinely obtain and use information in consumer reports to

conduct background checks on prospective employees and existing employees.

3.     The FCRA, 15 U.S.C. §1681b, makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the "user" – in this case Defendants – have complied with the statute's strict disclosure and authorization requirements. 15 U.S.C. §1681(b)(2).

4.     Defendants willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

5.     Defendants violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendants are required to disclose to its applicants and employees – *in a document that consists solely of the disclosure* – that they may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. *Id.* Defendants willfully violated this requirement by failing to provide Plaintiff with a copy of a document that consists solely of the disclosure that it may obtain a consumer report on her for employment purposes, prior to obtaining a copy of her consumer report.

6.     Defendants also violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

7.     Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendants on behalf of herself and the class consisting of Defendants' employees, and prospective employees.

8.     In Counts One and Two, Plaintiff asserts a FCRA claim under 15 U.S.C. §§

1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of:

> **All Centerplate, Inc., Volume Services, Inc., Service America Corporation, and Centerplate Hospitality Venture, employees and job applicants in the United States who were the subject of a consumer report that was procured by Centerplate within five years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A).**

9.    On behalf of herself and the Putative Class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

10.    Individual and representative Plaintiff, Phlisida Gibbs ("Plaintiff") lives in Florida, was formerly employed by Defendants and is a member of the Putative Class defined below.

11.    Defendant is a corporation and user of consumer reports as contemplated by the FCRA, at 15 U.S.C. §1681b.

## JURISDICTION AND VENUE

12.    This is an action for damages in excess of $15,000.00, exclusive of interest, fees, and costs, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

13.    This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331. The Court also has jurisdiction under the FCRA, 15 U.S.C. § 1681n and 1681p.

14.    Venue is proper in the Hillsborough County, Florida.

## ALLEGATIONS REGARDING DEFENDANTS' BUSINESS PRACTICES

### *Background Checks*

15.    Defendants conduct background checks on many of their job applicants as part of a standard screening process. In addition, Defendants also conduct background

3

checks on existing employees from time-to-time during the course of their employment.

16.   Defendants do not perform these background checks in-house.   Rather, Defendants rely on an outside consumer reporting firm to obtain this information and report it to the Defendants.   These reports constitute "consumer reports" for purposes of the FCRA.

### FCRA Violations Relating to Background Check Class

17.   Defendants procured a consumer report information on Plaintiff in violation of the FCRA.

18.   Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i)   a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

> (ii)   the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

19.   Defendants failed to satisfy these disclosure and authorization requirements.

20.   Defendants did not have a stand-alone FCRA disclosure or authorization form. The FCRA requires that a disclosure not contain extraneous information. This is commonly referred to as the "stand alone disclosure" requirement.  Defendants' purported FCRA disclosure form contained extraneous information including but not limited to:

- Information about investigative consumer reports;

- Information about inapplicable credit reports;

- False/misleading information about Plaintiff's rights to determine whether a consumer report has been run;

4

- A false/misleading statement about investigative consumer reports;

- A functional waiver of rights permitting the Company to obtain from "any outside organization all manner of consumer reports;

- A confusing/misleading statement about Plaintiff's rights regarding the nature and disclosure of investigative consumer reports;

- Inapplicable state law disclosures from New York, Maine, Oregon, Washington, California, Minnesota and Oklahoma;

- A false statement the applicant has received a Summary of Rights Under the Fair Credit Reporting Act;

- A functional waiver of rights purporting to grant the release of Plaintiff's personal, confidential and private information to Pinkerton Consulting or any other unidentified organization, or the Company.

21.     The FCRA also contains several other notice provisions, such as 15 U.S.C. § 1681b(b)(3)(a) (pre-adverse action); § 1681b(4)(B)(notice of national security investigation); § 1681c(h) (notification of address discrepancy); § 1681(g) (full file disclosure to consumers); § 1681k(a)(1) (disclosure regarding use of public record information); § 1681h (form and conditions of disclosure; and §1681(m)(a) (notice of adverse action).

22.     The purpose of FCRA notice provisions, including 1681b(b)(2)(A)(i), is to put consumers on notice that a consumer report may be prepared.   This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes, allowing consumers the opportunity to ensure accuracy, confidentiality and fairness.

23.     Without clear notice that a consumer report is going to be procured, applicants and employees are deprived of the opportunity to make informed decisions or otherwise assert protected rights.

24.     Using a FCRA disclosure that is not "stand alone" violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the

5

Federal Trade Commission ("FTC"). *Jones v Halstead Mgmt. Co.*, LLC, 81 F. Supp. 3d 324, 333 (S.D.N.Y 2015)(disclosure not "stand alone" when it contains extraneous information such as state specific disclosures); *Moore v. Rite Aid Hdqtrs. Corp.*, 2015 U.S. Dist. LEXIS, at *35 (E.D. Pa. May 29, 2015)("The text of the statute and available agency guidance demonstrate that the inclusion of information on the form apart from the disclosure and related authorization violates § 1681b(b)(2)(a).")

25.     Defendants' background check form required applicants and employees to waive federal and state privacy rights. For example, information from an educational institution cannot be disclosed unless consent is received from the student. *See Family Educational Rights & Privacy Act*, 20 U.S.C. § 1232(g); 34 CFR Part 99. Similarly, covered financial institutions are required to maintain the security of banking and financial information. *See Gramm-Leach Bliley Act*, 15 U.S.C. §§ 6801-6809.

26.     Along similar lines, many states have data privacy laws that restrict the disclosure of the information in their possession. *See, e.g.* Russom, Mirian B., Robert H. Sloan and Richard Warner, Legal Concepts Meet Technology, A 50 State Survey of Data Privacy Laws (2011) (available at https://acsac.org/2011/workshops/gtip/p-Russo.pdf).

27.     Defendants knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the statute. Defendants' violations were willful because Defendants knew they were required to use a stand-alone disclosure form prior to obtaining and using a consumer report on the Putative Class members.

28.     Defendants' conduct is also willful because:

6

a. Defendants are large and sophisticated employers with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

b. Defendants knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute;

c. Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

29.     Defendants acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check class members. Defendants knew or should have known about their legal obligations under the FCRA, as evidenced by the multiple references to the FCRA in Defendants' own documents. These obligations are well established in the plain language of the FCRA, in promulgations of the FTC and in established case law. Defendants had access to materials and resources advising them of their duties under the FCRA. Any reasonable employer of Defendants size and sophistication knows or should know about FCRA compliance requirements.

## ALLEGATIONS SPECIFIC TO PLAINTIFF

30.     Plaintiff applied for employment with Defendants on or around December, 2015.

31.     As part of the hiring process, Plaintiff was provided and executed a background check form on or around December, 2015.

32.     Defendants procured a consumer report on Plaintiff.   The consumer report contained private, confidential information about Plaintiff.

33.     It was unlawful for Defendants to procure a consumer report on Plaintiff without making the disclosures required by the FCRA. Defendants violated 15 U.S.C. §1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class

7

members for employment purposes, without first making proper disclosures in the format required by the statute.

34.    Plaintiff was distracted by the presence of additional information in the purported FCRA Disclosure.  Specifically, Defendants unlawfully inserted extraneous provisions into forms purporting to grant Defendants authority to obtain and use consumer report information for employment purposes. The FCRA forbids this practice, since it mandates that all forms granting the authority to access and use consumer report information for employment purposes be "stand-alone forms" that do not include any additional agreements.

35.    Plaintiff was confused about the nature and scope of Defendants' investigation into her background.

36.    Plaintiff was confused about her rights due to the presence of the additional language contained in Defendants' forms.

37.    Plaintiff values her privacy rights. If Plaintiff was aware Defendants had presented her with an unlawful disclosure form, Plaintiff would not have authorized Defendants to procure a consumer report and dig deep into her personal, private and confidential information.

38.    Defendants failed to satisfy the FCRA requirements pertaining to the FCRA Disclosure form when it procured Plaintiff's consumer report without the making the proper disclosures.

39.    Defendants failed to follow these long-established FCRA requirements.

## CLASS ACTION ALLEGATIONS

8

40.    Pursuant Rule 1.220(b)(1), and (2) and (3) of the Florida Rules of Civil Procedure and 15 U.S.C. § 1681b, Plaintiff brings this action for herself and on behalf of a class (the "Class"), defined as:

**All Centerplate, Inc., Volume Services, Inc., Service America Corporation, and Centerplate Hospitality Venture, employees and job applicants in the United States who were the subject of a consumer report that was procured by Centerplate within five years of the filing of this complaint through the date of final judgment in this action as required by the FCRA.**

41.    <u>Numerosity</u>:  The members of the Putative Class are so numerous that joinder of all Class members is impracticable.  Defendants regularly obtain and use information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, in the hiring process. Plaintiff is informed and believes that during the relevant time period, thousands of Defendants' employees and prospective employees satisfy the definition of the Putative Class. Based on the number of putative class members, joinder is impracticable. The names and addresses' of the class members are identifiable through Defendant's records and published class members may be notified of this action by mailed notice.

42.    <u>Typicality</u>:  Plaintiff's claims are typical of those of the members of the Putative Class. Defendants typically use consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendants treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

43.    <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

9

44.   Commonality: Common questions of law and fact exist as to all members of the Putative Class, and predominate over any questions solely affecting individual members of the Putative Class. These common questions include, but are not limited to:

a.   Whether Defendants use consumer report information to conduct background checks on employees and prospective employees;

b.   Whether Defendants violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

c.   Whether Defendants violated the FCRA by procuring consumer report information based on invalid authorizations;

d.   Whether Defendants' violation of the FCRA was willful;

e.   The proper measure of statutory damages; and

f.   The proper form of injunctive and declaratory relief.

45.   This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Defendants. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

46.   This case is also maintainable as a class action because Defendants acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

47.   Class certification is also appropriate because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and also because a class action is superior to other available

10

methods for the fair and efficient adjudication of this litigation. Defendants' conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendants, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution.    Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

     **WHEREFORE**, Plaintiff prays for relief as follows:

a.  That an order be entered certifying the proposed Class Rule 1.220(b)(1), and (2) and (3) of the Florida Rules of Civil Procedure and appointing Plaintiff and her Counsel to represent the Class;

b.  That judgment be entered for the proposed Class against Defendant for statutory damages and punitive damages for violation of 15 U.S.C. § 1681b, pursuant to 15 U.S.C. § 1681n;

c.  That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o, against Defendant; and

d.  That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

### FIRST CLAIM FOR RELIEF
**Failure to Make Proper Disclosure in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(i)**

48.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-47.

49.     In violation of the FCRA, the background check form Defendants required the Background Check Class to complete as a condition of its employment with Defendants does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i) because Defendants failed to provide a stand-alone document as to the consumer report information being obtained and utilized.  Furthermore, the background check document provided by Defendants included waivers of rights afforded by state and federal statutes, which violates the FCRA.

*Plaintiffs' First Concrete Injury under § 1681b(b)(2)(A)(i): Informational Injury*

50.     Plaintiff suffered a concrete informational injury because Defendants failed to provide Plaintiff with information to which she was entitled to by statute, namely a stand-alone FCRA disclosure form. Through the FCRA, Congress created a new right – the right to receive the required disclosure as set out in the FCRA – and a new injury – not receiving a stand-alone disclosure. *Church v. Accretive Heath, Inc.*, 0216 U.S. App. Lexis 12414, *1 (11th Cir. July 6, 2016), *3, n. 2 (rejecting Defendant's argument that a plaintiff "cannot satisfy the demands of Article III standing by alleging a bare procedural violation," the Court stated "This statement is inapplicable to the allegations at hand, because Church has not alleged a procedural violation. Rather, Congress provided Church with a substantive right to receive certain disclosures and Church has alleged that Accretive Health violated that substantive right."); *Graham v. Pyramid Healthcare Solutions, Inc.*, Case No.: 16-cv-01324 (M.D. Fla. October 26, 2016) (Moody, J.)(denying Defendant's motion to dismiss on standing noting "In sum, Plaintiff's standing was

12

established when Plaintiff alleged Defendant procured a consumer report on her background without following the FCRA's disclosure and authorization requirements"); *Moody v. Ascenda USA Inc.*, Case No.: 16-cv-60364 (S.D. Fla. October 5, 2016) (Dimitrouleas, W.)(denying Defendant's motion to dismiss plaintiffs' claims pursuant to 15 U.S.C. § 1681b(b)(2) noting "Plaintiffs sufficiently alleged a concrete and particularized injury and thus have standing to sue pursuant to *Spokeo*"); *Thomas v. FTS USA*, 2016 WL 3653878, at *8 (E.D. Va. Jun. 30, 2016)(holding that "it was Congress' judgment, as clearly expressed in §§ 1681b(b)(2) ... to afford consumers rights to information and privacy," and thus that "the rights created by §§ 1681b(b)(2) are substantive rights.")

51.    Pursuant to § 1681(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information, in the form and at the time she was entitled to receive it, Defendants injured Plaintiff and the putative class members she seeks to represent. *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989); *Federal Election Commission v. Atkins*, 524 U.S. 11 (1998).

52.    Defendants violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendants actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Defendants might procure a consumer report on each of them for purposes of employment. The required disclosures were not

13

made, causing Plaintiff an informational injury. *Moody v. Ascenda USA Inc.*, Case No.: 16-cv-60364 (S.D. Fla. October 5, 2016); *Thomas v. FTS USA*, 2016 WL 3653878, at \*8 (E.D. Va. Jun. 30, 2016).

53.     Defendants' failure to provide Plaintiff and the Putative Class with a lawful disclosure created a risk of harm that Plaintiff and members of the Putative Class would be confused and distracted by the extraneous language.

*Plaintiff's Second Concrete Injury under § 1681b(b)(2)(A)(i): Invasion of Privacy*

54.     Defendants invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A., Inc.* F. Supp. 3d 868, 869 (N.D.Cal.2015).

55.     The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English and American law.   Defendants invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on her and viewing her private and personal information without lawful authorization. *Perry v. Cable News Network, Inc.*, No-16-13031, (11th Cir., April 27, 2017)(Violation of statutory right that has a close relationship to a harm traditionally recognized in English or American law is a concrete harm for purposes of Art. III standing).

56.     The forgoing violations were willful. At the time Defendants violated 15 U.S.C.

14

§1681b(b)(2)(A)(i) Defendants knew they were required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class. A plethora of authority, including both case law and FTC opinions, existed at the time of Defendants' violations on this very issue that held waivers cannot be included in the FCRA forms at issue. Defendants' willful conduct is also reflected by, among other things, the following facts:

   a.   Defendants knew of potential FCRA liability (which is precisely why it tried to avoid it);

   b.   Defendants are large corporations with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

   c.   Defendants knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

   d.   Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

57.   Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. §1681n(a)(2).

58.   Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

   **WHEREFORE**, Plaintiff, on behalf of herself and the Putative Class, prays for relief as follows:

   a.   Determining that this action may proceed as a class action;

   b.   Designating Plaintiff as class representative and designating Plaintiff's

15

counsel as counsel for the Putative Class;

c. Issuing proper notice to the Putative Class at Defendants' expense;

d. Declaring that Defendants committed multiple, separate violations of the FCRA;

e. Declaring that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

f. Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class;.

g. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

h. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## SECOND CLAIM FOR RELIEF
### Failure to Obtain Proper Authorization in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(ii)

59.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-47.

60.     Defendants violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization.

61.     The authorization requirement under 15 U.S.C. § 1681b(b)(2)(A)(ii) follows the disclosure requirement of § 1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure. "After all, one cannot meaningfully authorize her employer to take an action if she does not grasp what that action entails." *Burghy v. Dayton Racquet Club, Inc.,* 695 F. Supp. 2d 689, 699 (S.D. Ohio 2010); *see also United States v. DeFries,* 129 F. 3d 1293, 1307 (D.C. Cir. 1997)("[A]uthorization secured 'without disclosure of ...material information' is a nullity.")

16

*Plaintiffs' First Concrete Injury under § 1681b(b)(2)(A)(ii): Informational Injury*

62.     Plaintiff suffered a concrete informational injury because Defendants failed to provide Plaintiff with information to which she was entitled to by statute, namely a stand-alone FCRA disclosure form. Thus, through the FCRA, Congress has created a new right—the right to receive the required disclosure as set out in the FCRA—and a new injury—not receiving a stand-alone disclosure. *Church v. Accretive Health, Inc.*, 2016 U.S. App. LEXIS 12414, *1 (11th Cir. July 6, 2016); *Moody v. Ascenda USA Inc.*, Case No.: 16-cv-60364 (S.D. Fla. October 5, 2015). *Thomas v. FTS USA*, 2016 WL 3653878, at *8 (E.D. Va. Jun. 30, 2016).

63.     Pursuant to § 1681 (b)(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information, Defendants injured Plaintiff and the putative class members she seeks to represent. *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins,* 524 U.S. 11 (1998) Then 15 U.S.C. §1681b(b)(2)(A)(ii).

64.     Defendants violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(B)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendants actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Defendants might procure a consumer report on each of them for purposes of employment.

65.     Plaintiff suffered an informational injury. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure

17

and authorization) set forth in the following subsections: 15 U.S.C. § 1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A. Inc.*, 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015).

66.     Defendants' Failure to provide Plaintiff and the Putative Class with a lawful disclosure created a risk of harm that Plaintiff and members of the Putative Class would be confused and distracted by the extraneous language.

### *Plaintiffs' Second Concrete Injury under § 1681b(b)(2)(A)(ii): Invasion of Privacy*

67.     Additionally, Defendants invaded Plaintiff's right to privacy and intruded upon her seclusion. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A.*, Inc., 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015).   Plaintiff's consumer report contained a wealth of private information which Defendants had no right to access absent a specific Congressional license to do so.   Defendants invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on her and viewing her private and personal information without lawful authorization. *Perry v. Cable News Network, Inc.*, No-16-13031, (11th Cir., April 27, 2017)(Violation of statutory right that has a close relationship to a harm traditionally recognized in English or American law is a concrete harm for purposes of Art. III standing).

68.     The foregoing violations were willful.   At this time Defendants violated 15 U.S.C. §1681b(b)(2)(A)(ii).  Defendants knew that in order for it to have authorization to obtain

18

consumer reports on Plaintiff and the Putative Class members it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class.:

    a.    Defendants are large corporations with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

    b.    Defendants knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

    c.    Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

69.    Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. §1681n(a)(2).

70.    Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

*WHEREFORE*, Plaintiff, on behalf of herself and the Putative Class, prays for relief as follows:

    a.  Determining that this action may proceed as a class action;

    b.  Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c.  Issuing proper notice to the Putative Class at Defendants' expense;

    d.  Declaring that Defendants committed multiple, separate violations of the FCRA;

    e.  Declaring that Defendants acted willfully in deliberate or reckless

disregard of Plaintiff's rights and its obligations under the FCRA;

f.   Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class;

g.   Awarding reasonable attorneys' fees and costs as provided by the FCRA;

h.   Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff and the Putative Class demand a trial by jury.

**MORGAN & MORGAN**

**/s/ Marc R. Edelman**
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
201 N. Franklin Street, #700
Tampa, FL 33602
Telephone 813-223-5505
Fax: 813-257-0572
MEdelman@forthepeople.com

C. Ryan Morgan, Esq.
Fla. Bar No.0015527
P.O. Box 4979
Orlando, FL 33802
Telephone 407.420.1414
Fax: 407.245.3401
RMorgan@forthepeople.com

Andrew Frisch, Esq.
Fla. Bar No. 27777
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
AFrisch@forthepeople.com
Attorneys for Plaintiff

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day August 2017, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the FACC Florida Courts E-filing System.  Notice of this filing was also sent via U.S. Mail to the Registered Agent of each Defendant.

MORGAN & MORGAN, P.A.

*/s/ Marc R. Edelman*

21