UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHLISIDA GIBBS, on behalf of herself
and on behalf of all others similarly situated,

      Plaintiff,

v.                                  Case No.: 8:17-cv-02187-EAK-JSS

CENTERPLATE, INC.,
VOLUME SERVICES, INC.,
SERVICE AMERICA CORPORATION,
AND CENTERPLATE HOSPITALITY
VENTURE,

      Defendants.

_____/

**STIPULATED FINAL JUDGMENT**

This cause came before the Court on the parties' Joint Motion for Final Approval of Class Action Settlement and Incorporated Memorandum of Law, and having reviewed all matters and proceedings of record, and being duly advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      This Stipulated Final Judgment incorporates herein and makes a part hereof, the parties' Settlement Agreement, including all exhibits thereto. Unless otherwise provided herein, the terms as defined in the Settlement Agreement shall have the same meanings for purposes of this Stipulated Final Judgment.

2.      The Plaintiff has Article III standing. The Court has personal jurisdiction over the Class Representative, Settlement Class Members, and Defendant for purposes of this settlement, and has subject matter jurisdiction to approve the Agreement.

3.      By Order of January 7, 2019, the Court certified the following Settlement Class:

[A]ll persons as to whom Defendants (including affiliates) procured a background check, including a consumer report, in conjunction with an application for employment, promotion, or job change between August 21,2015 and continuing until the date of settlement approval ("Settlement Class" – a class of approximately 5,895 people.

The Settlement Class does not include any judges to whom this case is assigned, any member of the judge's immediate family, or the judge's staff or their immediate families.

4.      The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order.  The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement, and Settlement Class Members' rights to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process..

5.      The Court preliminarily approved the proposed settlement by Order dated July 23, 2018.  The deadline for Objections and Requests for exclusion was December 5, 2018.  No objections and no requests for exclusion were received prior to the deadline.  On December 17, 2018, after Class Notice, the Court conducted a final Fairness Hearing at which it considered any and all objections, along with the materials submitted by the parties in support of settlement approval.

6.      The parties have implemented and consummated the Settlement according to the terms and provisions of the Settlement Agreement, including payment to the Settlement Class, Plaintiff's Service Award and Class Counsel's attorneys' fees.

7.    The Class Representative, Class Counsel, the Settlement Class, and each Settlement Class Member, shall release and forever discharge the Released Persons (as defined in the Agreement) from any and all Released Claims (as defined in the Agreement).

8.    The Class Representative, Settlement Class Members, and Releasing Persons and all of their successors in interest are hereby permanently enjoined and forever barred from commencing, prosecuting, asserting or assisting in any proceeding in any court or other forum against any Released Person with respect to all matters within the scope of the Released Claims.

9.    The Court further adjudges that the Settlement Agreement, including the releases in that Agreement and described above, will be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, the Class Representative and each Settlement Class Member who did not submit a timely and valid request for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, or other representatives.  Any of the Released Persons may file this Stipulated Final Judgment in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.    Nothing in this Stipulated Final Judgment, the Settlement, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by defendant or any Released Person.

11.    All pending motions are **DENIED** as **MOOT**. This action is **DISMISSED WITH PREJUDICE.**

**DONE and ORDERED** in Chambers at Tampa, Florida, this ⎯⎯ 5 ⎯⎯ day of ⎯⎯ MARCH ⎯⎯, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies Furnished To:

Counsel/Parties of Records